UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DOLAN FRANKLIN (#93892)

VERSUS                                                CIVIL ACTION

BURL CAIN, ET AL                                      NUMBER 09-397-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, July 22, 2009.

                                  STEPHEN C. RIEDLINGER
                                  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DOLAN FRANKLIN (#93892)

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                    NUMBER 09-397-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Assistant Warden Calvert, nurse Lucinda, Sgt. Norman, Assistant Warden Stagg and an unidentified mail room employee.  Plaintiff alleged that prison officials violated his constitutional rights when they made him participate in a "spooking" game originally used to discipline slaves.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992);

*Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964  F.2d 465, 468 (5th Cir. 1992).  Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

   Plaintiff alleged that nurse Lucinda forced him ingest a frozen pill made from crushed Tylenol and bubble gum which causes his muscles to tense and become jittery when he is exposed to loud noises.  Plaintiff alleged that once the pill is activated by microchips located in prison walls and the ears of certain prison personnel, inmates and prison personnel wager on the speed with which the plaintiff will respond to the noise stimuli.

   Plaintiff also alleged that the defendants are intercepting his mail to prevent him from filing an administrative grievance regarding the "spooking" game. Specifically, the plaintiff alleged that a "tricky reliable source," who cannot be seen or heard by others, spies on him.  The source relays the information gathered to Sgt. Norman through a microchip implanted in his ear.  Sgt.

2

Norman then delivers the information to the unidentified mail room employee who intercepts his mail.

The facts alleged are irrational or the wholly incredible and are factually frivolous.

Because it is clear that the plaintiff's claims against the defendants have no arguable basis in fact or in law the complaint should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Baton Rouge, Louisiana, July 22, 2009.

_(signature)_
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE