UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DOLAN FRANKLIN (#93892)

VERSUS

BURL CAIN, ET AL.

CIVIL ACTION

NO. 09-397-JJB-SCR

## RULING

The court has carefully considered the petition, the record, the law applicable to this action, and the Report and Recommendation of United States Magistrate Judge Stephen C. Riedlinger dated October 13, 2009 (doc. no. 16). The plaintiff has filed an objection which the court has considered and finds that it lacks any merit.

The court hereby approves the report and recommendation of the magistrate judge and adopts it as the court's opinion herein. Accordingly, the application for leave to proceed in forma pauperis on appeal pursuant to 28 U.S.C. § 1915 is DENIED. Further, pursuant to 28 U.S.C. § 1915(a)(3) and Fed.R.App.P. 24(a)(3), the court certifies that the appeal is not taken in good faith for the reasons set forth in the magistrate judge's report. Further, the appellant is notified he may challenge this finding pursuant to *Baugh v. Taylor,* 117 F.3d 197 (5th cir. 1997), by filing a separate motion to proceed IFP on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of the district judge's ruling on the plaintiff's motion to proceed in forma pauperis. The cost to file a motion to proceed

on appeal with the Fifth Circuit is calculated below, and if the appellant moves to proceed on appeal IFP, the prison authorities will be directed to collect the fees as calculated below.

>Dolan Franklin # 93892 is assessed an initial partial fee of $ 2.31 . The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court.

>Thereafter, the prison shall pay $ 452.69 , the balance of the filing fees, in periodic installments. The appellant is required to make payments of 20% of the preceding month's income credited to the appellants's prison account until appellant has paid the total filing fees of $455.00. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the clerk of the district court.

>If the appellant moves to proceed on appeal IFP, the clerk shall mail a copy

of the report and recommendation and this a copy of this ruling to the inmate accounting office or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

Baton Rouge, Louisiana, this 2nd day of December, 2009.

JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA